UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | EDCV 16-852 PSG (SKx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | William Larkin v. Bank of America, N.A., *et al.* | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order REMANDING Case

Before the Court is Plaintiff William Larkin's motion to remand. Dkt. #18. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7–15. After considering the moving, opposing, and reply papers, the Court GRANTS the motion.

I.   Background

Plaintiff purchased a home in Rancho Mirage, California. *Compl.* ¶ 10. In 2009, Plaintiff attempted to get a loan modification. *Id.* ¶ 11. Plaintiff alleges that in the ensuing years, he has had a number of problems with Defendants Bank of America, N.A. ("BANA") and Ocwen Loan Servicing, LLC's ("Ocwen") loan modification processes. *Id.* ¶¶ 11–26. On March 29, 2016, Plaintiff filed suit against BANA and Ocwen in the Superior Court for the County of Riverside. Dkt. #1, Ex. 1. Plaintiff included causes of action for fraud, promissory estoppel, wrongful foreclosure, violations of California Civil Code § 2923.6, violations of California Civil Code § 2923.7, and unfair business practices under California law. *See generally Compl.*

On April 28, 2016, Ocwen (with BANA's consent) removed the case to this Court. Dkt. #1 ("NOR"). Ocwen alleged that the Court had diversity jurisdiction because Plaintiff is a citizen of California, Ocwen is a citizen of Florida and Georgia, BANA is a citizen of North Carolina, and the amount in controversy, which included the $460,000 loan and the damages requested in the complaint, totaled well over the $75,000 jurisdictional minimum. *Id.* 3–7. On June 15, 2016, Plaintiff moved to remand the case for lack of subject matter jurisdiction. Dkt. #18.

II.   Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-852 PSG (SKx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | William Larkin v. Bank of America, N.A., *et al.* | | |

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.*

III.   Discussion

Diversity jurisdiction is only proper if the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332(a). When, as here, a complaint does not state the amount in controversy, the defendant must establish the amount in controversy by a preponderance of the evidence. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). Defendants' argument that the amount in controversy is satisfied is based almost entirely on the $460,000 loan amount. *See NOR* 5–7.

Courts have repeatedly found that the amount in controversy cannot be established by the price of the loan or the value of the property when a plaintiff merely seeks to temporarily enjoin foreclosure. *See, e.g.*, *Recio v. Bank of Am., N.A.*, No. CV161196PSGPLAX, 2016 WL 1643716, at *2 (C.D. Cal. Apr. 26, 2016); *Mendoza v. Ocwen Loan Servicing, LLC*, No. EDCV152281VAPDTBX, 2015 WL 9093559, at *2 (C.D. Cal. Dec. 15, 2015); *Walker v. Wells Fargo Bank, NA*, 2015 U.S. Dist. LEXIS 127003 (C.D. Cal. Sept. 22, 2015); *Steele v. J.P. Morgan Chase Bank, N.A.*, No. EDCV15657JGBDTBX, 2015 WL 4272276, at *3 (C.D. Cal. July 14, 2015); *Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *3–4 (C.D. Cal. May 7, 2015); *Olmos v. Residential Credit Sols., Inc.*, No. SACV 14-1202 AG MRWX, 2015 WL 1240347, at *2 (C.D. Cal. Mar. 17, 2015); *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015). In contrast, the value of the loan can be used to establish the amount in controversy where a plaintiff seeks to quiet title or requests an injunction that will forever bar a defendant from foreclosing. *See Recio*, 2016 WL 1643716, at *2–3; *Mendoza*, 2015 WL 9093559, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-852 PSG (SKx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | William Larkin v. Bank of America, N.A., *et al.* | | |

Plaintiff argues that he is mainly seeking damages from Defendants' allegedly improper conduct, and only seeks an injunction to prevent foreclosure while his loan modification application is pending. *Mot.* 7. Plaintiff explicitly states that he is not seeking to invalidate or rescind the underlying loan. *Id.* Ocwen disputes this assertion, contending that the complaint requests a "permanent injunction" without a temporal limitation, and that the primary object of the complaint is to permanently prevent foreclosure. *Opp.* 4–10.

The Court agrees with Plaintiff. Although the complaint's request for injunctive relief can be read broadly, the Court is persuaded by Plaintiff's argument that the complaint is really focused on obtaining damages for past conduct, and only seeks an injunction to force Defendants to comply with the law before seeking foreclosure. *See generally Compl.*; *cf. Jerviss v. Select Portfolio Servicing, Inc.*, No. 215CV01904MCEKJN, 2015 WL 7572130, at *4 (E.D. Cal. Nov. 25, 2015) (denying a motion to remand where the request for injunctive relief lacked temporal limitation and a review of the complaint indicated that the primary motive was to prevent foreclosure). Moreover, the complaint is at best ambiguous, and the strong presumption against removal jurisdiction requires the court to resolve all ambiguities in favor of remand. *See Cephas-Boyd v. Shellpoint Partners, LLC*, No. EDCV16386JGBKKX, 2016 WL 1600828, at *3–4 (C.D. Cal. Apr. 21, 2016) (remanding under similar circumstances as those in this case). *But see Canas v. Ocwen Loan Servicing LLC*, No. SACV151100JVSJCGX, 2015 WL 5601838, at *3 (C.D. Cal. Sept. 21, 2015) (denying a motion to remand where the injunctive relief had no temporal limit). The Court will not, therefore, look to the value of the loan in determining whether the amount in controversy is met.

Because Plaintiff does not seek to permanently enjoin Defendants from foreclosing, the question is whether the pecuniary results of granting a temporary injunction would exceed the statutory minimum. *See Jauregui*, 2015 WL 2154148, at *4; *Olmos*, 2015 WL 1240347, at *2. General statements about damages are insufficient. *See Jauregui*, 2015 WL 2154148, at *4. Here, Ocwen has not made any showing about the amount in controversy for the temporary period for which a foreclosure sale would be enjoined.

Plaintiff also requests general, compensatory, and punitive damages. *See generally Compl.* Although the complaint does not specify the amount of these damages, Defendants can still use them to satisfy the amount in controversy if they provide evidence that the damages could exceed $75,000. *See Jauregui*, 2015 WL 2154148, at *5; *Campbell v. Costco Wholesale Corp.*, No. CV 11-229 PA PLAX, 2011 WL 103963, at *2 (C.D. Cal. Jan. 11, 2011). Ocwen notes the existence of these damages in the notice of removal, *see NOR* 7 ("In addition to injunctive relief, Plaintiff seeks general, compensatory, and punitive damages, which combined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-852 PSG (SKx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | William Larkin v. Bank of America, N.A., *et al.* | | |

with the value of the Property well-exceeds $75,000."), but does not even attempt to explain how the damages listed in the complaint could reach the $75,000 threshold in its opposition.

The Court thus finds that Ocwen has failed to prove the amount in controversy is above $75,000 by a preponderance of the evidence. As Ocwen has offered no other basis for federal jurisdiction, the Court REMANDS the case to state court.

**IT IS SO ORDERED.**